SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS: CRIMINAL TRIAL TERM : PART 17

- - - - - - - - - - - - - - - - - - - - - - X

THE PEOPLE OF THE STATE OF NEW YORK : Indictment No. 3066/04

- against - :

GLENN CUMMINGS :

- - - - - - - - - - - - - - - - - - - - - - X

October 18, 2005
320 Jay Street
Brooklyn, New York

B E F O R E:

THE HONORABLE ABRAHAM G. GERGES,

J U S T I C E.

A P P E A R A N C E S:

CHARLES J. HYNES, ESQ.
District Attorney, Kings County
BY: DEANNA RODRIGUEZ, ESQ.
JOHN MARRONE, ESQ.
Assistant District Attorney

GEORGE SCHEINBERG, ESQ.
52 Court Street
Brooklyn, New York
Attorney for Defendant

Maria E. Gordon, R.P.R.
Official Court Reporter

PROCEEDINGS

COURT CLERK: This is number four on our trial calendar. It's Indictment Number 03066/2004 Glenn Cummings.

MR. SCHEINBERG: Good morning, Your Honor. George Scheinberg, 52 Court Street, Brooklyn, New York representing Mr. Cummings, and, Judge, for these purposes, I'm going to waive his appearance.

MS. RODRIGUEZ: For the Office of the District Attorney by Deanna Rodriguez. Good morning, Your Honor.

THE COURT: Good morning. Do you want to approach.

MR. MARRONE: Good morning, Your Honor. John Marrone for the Office of the District Attorney.

(WHEREUPON, there is an off-the-record discussion at the bench, after which the following proceedings takes place before the Court as follows:)

THE COURT: Second call at 2:15.

(WHEREUPON, a morning recess is taken, after which the following proceedings takes place as follows:)

COURT CLERK: This is number four on the calendar: Indictment Number 03066/2004 Glenn Cummings.

MR. SCHEINBERG: George Scheinberg, 50 Court Street, Brooklyn, New York representing Mr. Cummings who is not present before the Court at this moment.

MS. RODRIGUEZ: Office of the District Attorney

by Deanna Rodriguez and John Marrone. Your Honor, as per our --

THE COURT: Hold on one second.

(WHEREUPON, there is a pause in the proceedings)

MS. RODRIGUEZ: This morning at a bench conference I had requested of this Court to issue an order to the defense in return for the People giving unredacted Rosario material that Mr. Scheinberg be instructed not to share that with his client until right before jury selection as really there are issues of protection for the witnesses that will be testifying in this case.

THE COURT: This is allegedly a gang case.

MS. RODRIGUEZ: That's correct, Your Honor.

MR. SCHEINBERG: Allegedly.

THE COURT: I said allegedly. I said allegedly. The only -- Have you turned it over yet to him?

MR. SCHEINBERG: I have it here.

MS. RODRIGUEZ: I gave it over to Mr. Scheinberg.

THE COURT: Okay. The only issue is as I was called by Judge Chambers and she told me that there's -- the case that she has, which is a younger case than mine, she asked me to defer to her because a police officer is supposed to go for an operation on his back and will be out for nine months.

MR. SCHEINBERG: That's correct, Your Honor.

THE COURT: Based upon that, I told her that it would be okay that I'll try your case after you get finished with that case.

MR. SCHEINBERG: Thank you.

THE COURT: Okay. But we might as well -- Okay. So you're agreeing, sir, that you're not going to or would you rather hold those papers until the time of trial?

MR. SCHEINBERG: Judge, I would --

MS. RODRIGUEZ: Mr. Scheinberg's word is good enough for me.

MR. SCHEINBERG: Judge, I'll abide by your ruling and it helps me in preparing for trial.

THE COURT: Okay. Let's bring the defendant out then.

(WHEREUPON, the Defendant enters the courtroom)

THE COURT: How long is that other case going to take? Do you have any idea?

MR. SCHEINBERG: I'm going to request between two and three weeks for this case to start. I've already spoken to my client about the time and although he's in jail he feels --

THE COURT: All right. Do you want to take off his cuffs, please. It is my understanding that the People want to offer into evidence certain information with

reference to an expert with reference to gangs.

MS. RODRIGUEZ: That's correct, Your Honor.

THE COURT: Will you please put on the record what your request is and the basis of your request.

MS. RODRIGUEZ: Your Honor, it's the People's position that we expect the evidence is going to show that the motive for this crime was gang related in that the defendant is a known Crip and the deceased in this case was a known Blood and the expert, I believe, is important in this case because the average lay person needs to understand the whole gang culture and why this murder would occur since the Bloods and the Crips are long time rivals.

THE COURT: Well, just because someone is a Crip or -- it doesn't mean necessarily that that's the basis. You have to give me more than that. That's -- What is the theory involved here?

MS. RODRIGUEZ: The theory is, Judge, that the murder was committed because -- for two reasons. One that the deceased in this case was an enemy of this defendant based on his gang affiliation, and, two, there was a struggle going on between this defendant's Crips' head and the deceased in terms of the selling of drugs in that area and that that was the defendant's motive for having killed the -- Mr. Mack who is the deceased in this case.

As well, Your Honor, there are witnesses that will testify that their knowledge of this defendant is one that's based on the fact that this defendant is the head of his Crip set as well as would show the fear element of why witnesses initially did not come forward in this case, and, finally, there are witnesses that we intend to call that will avail this Court and a jury of third-party admissions made by this defendant.

It's important, I think, only an expert could explain why somebody who is a gang member who commits a gang-related crime would then go out into the neighborhood and spout what it is that this person did.

It goes very much to the heart of their reputation as a gang member out on the street as well as the getting of status in a gang member's life. In order to get status is to put in criminal work.

I have for the Court a copy of the Grand Jury minutes. This was a case in which evidence of gang affiliation as well as the evidence that was elicited from witnesses that deal with the defendant's gang affiliation I think would be important for the Court to read before rendering a decision as to whether or not we would be allowed to introduce a gang expert in this case.

THE COURT: Well, what is so unique with reference to a gang affiliation that the average juror

would not understand?

MS. RODRIGUEZ: The very nature of the gang culture, Judge, it is a culture that is alien to the average layperson because we hear many things about Bloods and Crips.

There is a culture here that is very alien to the type of lives that we as average citizens live, and I think that it goes beyond -- it explains why somebody who is in a gang may commit a certain crime in the manner in which that crime is committed.

Many things have happened after the crime. These are things -- issues that are not things that the average layperson would be privy to.

THE COURT: What kind of an expert -- What expertise is your expert supposed to have?

MS. RODRIGUEZ: First off, Judge, the person that we would intend to call, one, has been declared an expert in other trials in the area of gang expertise.

Secondly, it's a detective who has for the last ten years of his career at the New York City Police Department has dealt exclusively with gang-related crimes and gang arrests as well as debriefed hundreds of thousands of gang members both in the Crips and in the Bloods.

He has personal, specific as well as educational

knowledge from other courses he's taken, from other law enforcement agencies that, I believe, would -- we would be able to proffer him as an expert to the Court in the area of not only specifically the Bloods and the Crips as gangs.

MR. SCHEINBERG: Judge, I don't know what the People are talking about to begin with. I have no knowledge. This is the first time they've mentioned the fact that they intend to use an expert. They didn't mention it yesterday.

I have no indication -- I have no -- I don't have those Grand Jury minutes. I don't have any police reports. I have nothing. Nothing at all. I can't even argue it, Judge, and I'd rather not argue until I'm fully prepared to go forward with an argument.

At this juncture, Judge, to come up and say they want to use an expert and ask the Court to make a decision or even consider a decision --

THE COURT: Well, I think that counsel has just raised all the issues that I expect counsel will raise.

That's why I'm raising this issue prior to trial so that it doesn't come up to you on the last minute.

MR. SCHEINBERG: Well, give me something so I can argue against it. I mean, I'm standing here --

THE COURT: Well, you heard what counsel said.

MR. SCHEINBERG: Well, I have no police reports. I don't have the Grand Jury testimony.

THE COURT: Counsel, it doesn't -- it doesn't have to be police reports with reference to evidentiary -- certain evidentiary issue.

MR. SCHEINBERG: Judge, I'm not in a position to argue this matter at this point.

THE COURT: That's fine. That's fine. The Court will reserve on the issue.

MR. SCHEINBERG: I request some time to be given permission to argue.

I'm going next door on a matter and I have a hearing scheduled this afternoon, so I'm not in a position at this time to argue against what the People propose.

I would like some time, maybe another adjourned date, to come in and argue against what Ms. Rodriguez has indicated.

THE COURT: You have that trial in Judge Chambers. When is that on for tomorrow?

MR. SCHEINBERG: This afternoon. It's going forward this afternoon and tomorrow.

THE COURT: Okay.

MR. SCHEINBERG: I can come in here on Friday if you want me to.

THE COURT: Friday is the 21st.

MR. SCHEINBERG: If that's it, I'll come in Friday morning.

MS. RODRIGUEZ: I'd ask for early afternoon, Your Honor. I have a prior engagement on Friday morning, and I don't believe I could get here before twelve o'clock.

MR. SCHEINBERG: Two o'clock.

THE COURT: Well, why don't we do it at twelve o'clock.

MS. RODRIGUEZ: I can get here by twelve o'clock.

MR. SCHEINBERG: I'll be here Friday at 12:00.

THE COURT: Friday is the 21st. 10/21 at twelve o'clock.

(WHEREUPON, proceedings adjourned to October 21, 2005)

*-*-*-*-*-*-*-*-*

I hereby certify that the foregoing is a true and accurate copy of the stenographic copy of the hearing held in the above matter.

(Or trial as the case may be)

_______________________

Maria E. Gordon, R.P.R.
Official Court Reporter