UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                        :
GLEN CUMMINS, *pro se*,                                 :
                                                        :
                              Petitioner,               :    **SUMMARY ORDER**
                                                        :    10-CV-1026 (DLI)
              -against-                                 :
                                                        :
WILLIAM LEE,                                            :
                                                        :
                              Respondent.               :
                                                        :
                                                        :
------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

On February 25, 2010, *pro se*[1] petitioner Glen Cummins filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2006 Queens County Supreme Court conviction.[2] On December 20, 2010, Petitioner filed a Motion for Discovery, Motion to Expand the Record pursuant to Rule 7 of the Rules Governing § 2254 Cases in the United States District Court ("Rules Governing §2254 Cases"), and a Motion for an Evidentiary Hearing pursuant to Rule 8 of the Rules Governing § 2254 Cases. (*See* Docket Entry 14.) For the reasons set forth below, these motions are denied in their entirety.

As an initial matter, the court has granted Petitioner's requests for discovery on multiple occasions prior to the instant Motion. Petitioner now requests additional discovery in order to

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] Familiarity with the facts and background of this matter is assumed, and, thus, shall not be repeated herein. Only the procedural history and facts necessary to the discussion shall be set forth herein.

support his assertions that Respondent was not forthcoming about Respondent's role in witness Abdul Muhammed's release from a Binghamton, New York jail.

"[A] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases specifies that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion for good cause shown grants leave to do so, but not otherwise." *See Bracy*, 520 U.S. at 904. Whether a petitioner has demonstrated "good cause" depends on whether the petitioner has asserted specific allegations that provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief." *Id.* at 908-09 (quotation omitted).

By Order dated January 7, 2011, Respondent was directed to comply with Petitioner's discovery requests. (S*ee* Docket Entry 15.) After reviewing Petitioner's letter dated January 19, 2011 and Respondent's discovery submissions, the court does not find good cause to warrant further discovery of the information requested. (*See* Docket Entry 16.) Petitioner's mere allegation that Respondent was involved in Abdul Muhammad's release from a Binghamton, New York jail, without more, does not give the court "reason to believe" that Respondent had any actual involvement. Other than Petitioner's bald allegation that Respondent was not forthcoming about its role in Muhammad's release from jail in Binghamton, the court has no basis for questioning Respondent's representation that it does not possess any documents relating to the matter alleged.[3] Moreover, "in the absence of clear evidence to the contrary, courts

---

[3] In addition, as Respondent correctly argues, Petitioner failed to raise this claim in state court. (*See* Docket Entry 15.) It is well established that 28 U.S.C. § 2254 requires prisoners to "ordinarily exhaust state remedies before filing for habeas relief. It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011).

2

presume that [public officers] have properly discharged their official duties." *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995) (quoting *United States Chem. Found., Inc.,* 272 U.S. 1, 14-15 (1926)).

## CONCLUSION

Accordingly, Petitioner's motions are denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 4, 2011

/s/
DORA L. IRIZARRY
United States District Judge